IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martinez**

Civil Action No. 19-cv-1876-WJM

MALKIT SINGH,

    Applicant,

v.

JOHNNY CHOATE, Warden,

    Respondent.

## ORDER OF DISMISSAL

Before the Court is Respondents' Motion to Dismiss as Moot Pursuant to Fed. R. Civ. P. 12(b)(1) (Motion to Dismiss) (ECF No. 31). For the reasons set forth below, the Court grants the Motion to Dismiss, denies the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 18) as moot, and dismisses this action without prejudice for lack of jurisdiction.

### I. BACKGROUND

Applicant Malkit Singh was detained at the Aurora Detention Center in Aurora, Colorado. On April 30, 2019, he filed *pro se* in the United States District Court for the Northern District of California a Petition for a Writ of Habeas Corpus that sought a remedy under 28 U.S.C. § 2241. (ECF No. 1). The action was transferred to this Court pursuant to 28 U.S.C. § 1404(a) on June 27, 2019. (ECF Nos. 7, 8). At the Court's direction (ECF Nos. 11, 15, 17), Applicant paid the filing fee (ECF No. 14) and

1

on August 30, 2019, filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Amended Application) (ECF No. 18). The Amended Application (ECF No. 18) is the operative pleading in this action.

In the Amended Application, Applicant alleged that a final order of removal was entered on April 18, 2018, and his removal to India was not reasonably foreseeable. (ECF No. 18-1 at 4-5). He asserted that his "continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*." (*Id.* at 5). He requested that the Court grant the Amended Application and "order Petitioner's immediate release from custody." (*Id.* at 6). Applicant also filed a Motion for Appointment of Counsel. (ECF No. 13). The Court granted the Motion for Appointment of Counsel, with the advisement that that there was no guarantee that a Civil *Pro Bono* Panel member would undertake Applicant's representation and cautioning that, until appointed counsel entered an appearance, Applicant must continue to be responsible for all scheduled matters and must follow the Court's procedures and rules accordingly. (ECF No. 24).

The Court directed Respondents to show cause as to why the Amended Application should not be granted. (ECF No. 20). Respondents filed a Response to Order to Show Cause (ECF No. 23) and Supplement thereto (ECF No. 27). On October 29, 2019, Applicant filed a motion for extension of time to file a reply, which the Court granted, allowing Applicant until November 27, 2019, to file a reply to Respondents' Response. (ECF Nos. 28, 30).

On November 21, 2019, Respondents filed the Motion to Dismiss presently before the Court. (ECF No. 31). In the Motion to Dismiss, Respondents represent

that Applicant was removed to India on November 18, 2019, and is no longer in the United States' custody. (ECF No. 31-1 at 1). On November 25, 2019, the Court ordered Applicant to file a response to the Motion to Dismiss within 21 days. (ECF No. 32). On December 11, 2019, the copy of the November 25 order which had been mailed to Applicant at his address of record at the Aurora Detention Center was returned to the Court as undeliverable. (ECF No. 33). The label on the returned envelope states "RETURN TO SENDER / ATTEMPTED – NOT KNOWN / UNABLE TO FORWARD." (*Id.*). Applicant has not filed either a response to Respondents' Motion to Dismiss or a reply to Respondents' Response to Order to Show Cause.

## II. ANALYSIS

Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2241(c)(1) ("[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody").

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases or controversies. U.S. Const. Art. III, § 2. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Parties must have a "personal stake in the outcome" of the lawsuit at all stages of the case. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation

omitted).  Consequently, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997) (quotations omitted).  "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required."  *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted).

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution.  *Spencer*, 523 U.S. at 7.  To satisfy the case or controversy requirement, a habeas petitioner must demonstrate that he has suffered, or is threatened with, "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  *Id.* (citation omitted).

Where a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."  *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citation omitted) (holding that the petitioner's release from detention under an order of supervision mooted his challenge to the legality of his

extended detention).

In the Amended Application, Applicant challenged the lawfulness of his continued detention in light of the alleged expiration of the removal period. (ECF No. 18). He asserted that his "continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*." (ECF No. 18-1 at 5). In support of their Motion to Dismiss, Respondents have filed a Declaration of the Immigration and Customs Enforcement (ICE) Deportation Officer assigned to Applicant's case, declaring under penalty of perjury that, "[t]he Consulate of India issued a travel document for Malkit Singh (Applicant) on October 9, 2019," that "Applicant was removed to India on November 18, 2019," and that "Applicant is no longer in ICE Custody." (ECF No. 31-1 at 1).

Applicant has not filed anything on the docket indicating that he remains in custody or suffers some ongoing harm that may be redressed by a favorable judicial decision in this action. Thus, it appears that this case is moot, because Applicant has obtained the relief he requested: he has been released from detention and ICE custody. The Court finds that Applicant has failed to set forth any reason as to why his claims are not mooted by his release.

Moreover, the Court finds that none of the exceptions to the mootness doctrine recognized in *Riley* apply. Exception (1) is not implicated because Applicant has not alleged or shown any collateral injury resulting from his former detention. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (rejecting petitioner's argument of collateral consequences because his "inability to return to the United States is a continuing injury that stems from his removal order, not his detention").

Exception (2) does not apply because any concern that Applicant might be detained again for a prolonged period is based on speculation and therefore fails to satisfy the requirements of Article III. *See McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (noting that speculation that a defendant will "break the law or otherwise violate the conditions of their release . . . would undermine our presumption of innocence . . . and the rehabilitative focus of the parole system"). The possibility of recurrence must be more than theoretical to keep an otherwise moot action alive. *See Murphy v. Hunt*, 455 U.S. 478, 482-83 (1982).

Exception (3), the "voluntary cessation" doctrine, provides Applicant no recourse because there is no indication that Respondents have released Applicant with the intention of later revoking that release, simply to evade review. *Patrick v. Gonzales*, No. 07-cv-00470-MSK-MJW, 2008 WL496288, at *1 (D. Colo. 2008) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)).

Exception (4) does not apply because this is not a properly certified class action suit. *Riley*, 310 F.3d at 1257.

### III. CONCLUSION

Based on the above findings, the Court concludes that Applicant's release from detention and ICE custody moots the Amended Application. For the reasons stated herein, it is

**ORDERED** that Respondents' Motion to Dismiss as Moot Pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 31) is GRANTED. It is further

**ORDERED** that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 18) is DENIED as moot and this action is DISMISSED

WITHOUT PREJUDICE for lack of jurisdiction. It is further

**ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is further

**ORDERED** that leave to proceed in forma pauperis on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated this 9th day of January, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge